# IN THE CIRCUIT COURT FOR CAMPBELL COUNTY, TENNESSEE

DATE: 9·12 2008 TIME 9:40 A M
CIRCUIT COURT — CAMPBELL COUNTY
BOBBY W. VANN ___CLERK
S. Vanover
DEP. CLERK (D.C.)

**JOSEPH MEADORS**

    **Plaintiff,**

**v.**

**CAMPBELL COUNTY SHERIFF'S DEPARTMENT;**
**CAMPBELL COUNTY, TENNESSEE;**
**CAMPBELL COUNTY SHERIFF'S DEPUTY**
    **MIKE STARRETT**
    **In his official and individual capacities; AND**
**DORMAN SCOTT KEITH**
    **In his official and individual capacities**

    **Defendants.**

) No. 14278
) **JURY DEMANDED**
)
)
)
)
)
)
)
)

---

## COMPLAINT

---

Comes now the Plaintiff, Joseph Meadors, by and through undersigned counsel, and states his cause of action as follows:

### PARTIES

1.    Plaintiff Joseph Meadors is a resident and citizen of Campbell County, Tennessee.

2.    Defendant Mike Starrett, is sued in his individual and official capacities as a police officer with the City of Jacksboro Police Department and may be served with process through the city attorney.

3.    Defendant City of Jacksboro Police Department is an agent of the City of Jacksboro and may be served with process through the city attorney.

4.   Defendant City of Jacksboro, Tennessee is incorporated, organized and chartered under the laws of the State of Tennessee and may be served with process through the city attorney.

5.   Upon information and belief, Defendant Dorman Scott Keith is a citizen and resident of Morgan County, Tennessee and may be served with process at 1087 Burrville Road, Sunbright, Tennessee, 37872.

## FACTS

6.   At all times herein material, Defendant Starrett was acting under color of state law and pursuant to the policies, customs, training and regulations of the City of Jacksboro Police Department.

7.   On or about April 18, 2007, Plaintiff Joseph Meadors was arrested by Defendant Starrett for the alleged sale of counterfeit controlled substance, delivery of counterfeit controlled substance, attempt to sell schedule II controlled substance and attempt to deliver schedule II controlled substance.

8.   Defendant Starrett had received information from a confidential informant, Defendant Keith, accusing Plaintiff of illegally selling a substance believed to be "roxycodone."

9.   The alleged incident took place at approximately 7:45 p.m. on January 26, 2006, in Campbell County, Tennessee.

10.   Upon information and belief, Defendant Keith identified the Plaintiff as the person who sold him roxycodone.

11.   Defendant Starrett did not conduct any further investigation.

12.   On or about April 18, 2007, Plaintiff was arrested and charged with the criminal charges listed in paragraph 7.

13. As a result of his false arrest, Plaintiff had to post a bond.

14. As a result of his false arrest, Plaintiff had to hire an attorney to represent him.

15. On or about October 22, 2007, the State of Tennessee moved to dismiss the charges against Mr. Meadors. The Order dismissing these charges was filed on or about Jamuary 4, 2008.

## CAUSES OF ACTION

### COUNT 1
### FALSE ARREST

16. The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

17. Defendant Starrett did not have probable cause to believe that Plaintiff committed the criminal offenses listed in paragraph 7, when he was placed under arrest on or about April 18, 2007.

18. Defendants City of Jacksboro and City of Jacksboro Police Department are liable for the actions of Defendant Cole pursuant to the doctrine of *respondeat superior*.

### COUNT 2
### FALSE IMPRISONMENT

19. The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

20. Defendant Starrett did not have probable cause to believe that Plaintiff committed the criminal offenses listed in paragraph 7, when he was placed under arrest on or about April 18, 2007.

21. Defendants City of Jacksboro and City of Jacksboro Police Department are liable for the actions of Defendant Starrett pursuant to the doctrine of *respondeat superior*.

## COUNT 3
## OUTRAGEOUS CONDUCT
## INFLICTION OF EMOTIONAL DISTRESS

22.     The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

23.     The actions of Defendant Starrett directed at the Plaintiff were outrageous and utterly intolerable in a civilized society, and were done either with the specific intent to cause emotional distress to him or were done with a reckless disregard of the probability of causing emotional distress.

24.     As the actual and proximate result of Defendant Starett's extreme and outrageous conduct, Plaintiff has suffered emotional distress, fear, anxiety, humiliation and embarrassment.

25.     Defendants City of Jacksboro and City of Jacksboro Police Department are liable for the actions of Defendant Starrett pursuant to the doctrine of *respondeat superior*.

## COUNT 4
## MALICIOUS PROSECUTION

26.     The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

27.     Plaintiff avers that Defendant Starrett in his capacities as a law enforcement officer for Defendant City of Jacksboro Police Department, employed by Defendant City of Jacksboro, prosecuted Plaintiff in Campbell County, Tennessee with malice and without probable cause.

28.     Defendants City of Jacksboro and City of Jacksboro Police Department are liable for the actions of Defendant Starrett pursuant to the doctrine of *respondeat superior*.

## COUNT 5
## LIABILITY OF DEFENDANT DORMAN SCOTT KEITH

29.     The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

30.     Upon information and belief, Defendant Dorman Scott Keith was employed by Defendants City of Jacksboro Police Department and City of Jacksboro and was compensated for his work by these Defendants.

31.     Defendant Dorman Scott Keith's negligent identification caused the false arrest, false imprisonment and malicious prosecution of Plaintiff. As a result, he is liable for the resulting harm.

32.     Defendants City of Jacksboro and City of Jacksboro Police Department are liable for the actions of Defendant Keith pursuant to the doctrine of *respondeat superior*.

## RELIEF

WHEREFORE Plaintiff sues Defendants jointly and severally, and seeks the following relief:

1.     compensatory damages be awarded to Plaintiff in the amount of $100,000;
2.     punitive damages be awarded to Plaintiff in the amount of $250,000;
3.     reasonable attorney's fees;
4.     expenses associated with the cost of this litigation;
5.     prejudgment interest;
6.     a jury is demanded to hear this matter.

Respectfully submitted, this |O day of September, 2008.

Robert R. Kurtz
BPR No. 020832
Stanley & Kurtz, PLLC
422 S. Gay St., Ste. 301
Knoxville, TN 37902
865/522-9942

## COST BOND

I hereby recognize myself as surety for the cost of this cause.

Robert R. Kurtz

## IN THE CIRCUIT COURT FOR CAMPBELL COUNTY, TENNESSEE

JOSEPH MEADORS,

      Plaintiff,

v.

Case Number: 14278

CAMPBELL COUNTY SHERIFF'S
DEPARTMENT; CAMPBELL COUNTY,
TENNESSEE; CAMPBELL COUNTY
SHERIFF'S DEPUTY MIKE STARRETT,
in his official and individual capacities;
and DORMAN SCOTT KEITH, in his
individual and official capacities,

      Defendants.

## NOTICE OF APPEARANCE

Please be advised that the law firm of Becker, Fleishman & Knight, P.C., and more

particularly, Arthur F. Knight, III, hereby enters an appearance for the Defendants,

Campbell County Sheriff's Department, Campbell County, Tennessee, Deputy Mike

Starrett and Dorman Scott Keith in connection with the above-captioned cause of action.

Respectfully submitted,

Arthur F. Knight, III, BPR #016178
Becker, Fleishman & Knight, P.C.
Post Office Box 1710
Knoxville, Tennessee 37901
Phone: 865/522-5057
Fax: 865/522-6743
sjohnson@bfk-law.com
Attorney for Defendants
Campbell County Sheriff's Department
Campbell County, Tennessee
Deputy Mike Starrett

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Appearance was served upon the following parties, via United States Postal Service, postage pre-paid:

Robert R. Kurtz
Stanley & Kurtz, PLLC
422 South Gay Street, Suite 301
Knoxville, Tennessee 37902

This ____ day of September, 2008.

Arthur F. Knight, III

# IN THE CIRCUIT COURT FOR CAMPBELL COUNTY, TENNESSEE

**JOSEPH MEADORS**

**Plaintiff,**

v.

**CAMPBELL COUNTY SHERIFF'S DEPARTMENT**
**CAMPBELL COUNTY, TENNESSEE**
**CAMPBELL COUNTY SHERIFF'S DEPUTY**
    **MIKE STARRETT**
    **In his official and individual capacities**
**DORMAN SCOTT KEITH**
    **In his official and individual capacities**

    **Defendants.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)

) No. _____14278_____
**JURY DEMANDED**

FILED
DATE: 9-25 20 08 TIME 12:40 P M
CIRCUIT COURT — CAMPBELL COUNTY
BOBBY W. VANN    CLERK

DEP. CLERK (D.C.)

---

## FIRST AMENDED COMPLAINT

---

Comes now the Plaintiff, Joseph Meadors, by and through undersigned counsel, and states his cause of action as follows:

### PARTIES

1. Plaintiff Joseph Meadors is a resident and citizen of Campbell County, Tennessee.

2. Defendant Mike Starrett, is sued in his individual and official capacities as an officer with the Campbell County Sheriff's Department and may be served with process through the Campbell County Attorney.

3. Defendant Campbell County Sheriff's Department is an agent of Campbell County, Tennessee, and may be served with process through the county attorney.

4. Defendant Campbell County, Tennessee, is incorporated organized and chartered under the laws of the State of Tennessee and may be served with process through its county attorney.

5. Defendant Dorman Scott Keith, is sued in his individual and official capacities as an agent and/or employee of the Campbell County Sheriff's Department. Upon information and belief, Defendant Dorman Scott Keith is a citizen and resident of Morgan County, Tennessee and may be served with process at 1087 Burrville Road, Sunbright, Tennessee, 37872.

## FACTS

6. At all times herein material, Defendant Starrett was acting under color of state law and pursuant to the policies, customs, training and regulations of the Campbell County Sheriff's Department.

7. On or about April 18, 2007, Plaintiff Joseph Meadors was arrested by Defendant Starrett for the alleged sale of counterfeit controlled substance, delivery of counterfeit controlled substance, attempt to sell schedule II controlled substance and attempt to deliver schedule II controlled substance.

8. Defendant Starrett had received information from a "confidential informant," Defendant Keith, accusing Plaintiff of illegally selling a substance believed to be "roxycodone."

9. The alleged incident took place at approximately 7:45 p.m. on January 26, 2006, in Campbell County, Tennessee.

10. Upon information and belief, Defendant Keith identified the Plaintiff as the person who sold him roxycodone.

11. Defendant Starrett did not conduct any further investigation.

12.   On or about April 18, 2007, Plaintiff was arrested and charged with the criminal charges listed in paragraph 7.

13.   As a result of his false arrest, Plaintiff had to post a bond.

14.   As a result of his false arrest, Plaintiff had to hire an attorney to represent him.

15.   On or about October 22, 2007, the State of Tennessee moved to dismiss the charges against Mr. Meadors. The Order dismissing these charges was filed on or about Jamuary 4, 2008.

## CAUSES OF ACTION

### COUNT 1
### FALSE ARREST

16.   The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

17.   Defendant Starrett did not have probable cause to believe that Plaintiff had committed the criminal offenses of sale of counterfeit controlled substance, delivery of counterfeit controlled substance, attempt to sell schedule II controlled substance and attempt to deliver schedule II controlled substance when he was placed under arrest on or about April 18, 2007.

18.   Defendant Campbell County Sheriff's Department is liable for the actions of Defendant Starrett pursuant to T.C.A. § 8-8-302.

19.   Defendant Campbell County, Tennessee is liable for the actions of Defendant Starrett pursuant to the doctrine of *respondeat superior*.

### COUNT 2
### FALSE IMPRISONMENT

20. The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

21. Defendant Starrett did not have probable cause to believe that Plaintiff had committed the criminal offenses of sale of counterfeit controlled substance, delivery of counterfeit controlled substance, attempt to sell schedule II controlled substance and attempt to deliver schedule II controlled substance when he falsely imprisoned Plaintiff on or about April 18.

22. Defendant Campbell County Sheriff's Department is liable for the actions of Defendant Starrett pursuant to T.C.A. § 8-8-302.

23. Defendant Campbell County, Tennessee is liable for the actions of Defendant Starrett pursuant to the doctrine of *respondeat superior*.

## COUNT 3
## OUTRAGEOUS CONDUCT
## INFLICTION OF EMOTIONAL DISTRESS

24. The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

25. The actions of Defendant Starrett on April 18, 2007, directed at the Plaintiff were outrageous and utterly intolerable in a civilized society, and were done either with the specific intent to cause emotional distress to him or were done with a reckless disregard of the probability of causing emotional distress.

26. As the actual and proximate result of Defendant Starrett's extreme and outrageous conduct, Plaintiff has suffered emotional distress, fear, anxiety, humiliation and embarrassment.

27. Defendant Campbell County Sheriff's Department is liable for the actions of Defendant Starrett pursuant to T.C.A. § 8-8-302.

28. Defendant Campbell County, Tennessee is liable for the actions of Defendant Starrett pursuant to the doctrine of *respondeat superior*.

## COUNT 4
## MALICIOUS PROSECUTION

29. The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

30. Plaintiff avers that Defendant Starrett in his capacities as a law enforcement officer for Defendant Campbell County Sheriff's Department, employed by Defendant Campbell County, Tennessee, prosecuted Plaintiff before the Campbell County Criminal Court with malice and without probable cause.

31. Defendant Campbell County Sheriff's Department is liable for the actions of Defendant Starrett pursuant to T.C.A. § 8-8-302.

32. Defendant Campbell County, Tennessee is liable for the actions of Defendant Starrett pursuant to the doctrine of *respondeat superior*.

## COUNT 5
## LIABILITY OF DEFENDANT DORMAN SCOTT KEITH

33. The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

34. Upon information and belief, Defendant Dorman Scott Keith was employed by Defendants Campbell County Sheriff's Department and Campbell County, Tennessee, and was compensated for his work by these Defendants.

35. Defendant Dorman Scott Keith's negligent identification caused the false arrest, false imprisonment and malicious prosecution of Plaintiff. As a result, he is liable for the resulting harm.

36.    Defendants Campbell County Sheriff's Department and Campbell County,

Tennessee, are liable for the actions of Defendant Keith pursuant to the doctrine of *respondeat*

*superior*.

## **RELIEF**

WHEREFORE Plaintiff sues Defendants joint and severally, and seeks the

following relief:

1.    compensatory damages be awarded to Plaintiff in the amount of $100,000;
2.    punitive damages be awarded to Plaintiff in the amount of $250,000;
3.    reasonable attorney's fees;
4.    expenses associated with the cost of this litigation;
5.    prejudgment interest;
6.    a jury is demanded to hear this matter.

Respectfully submitted, this $\backslash$ 8 day of September, 2008.

Robert R. Kurtz
BPR No. 020832
Stanley & Kurtz, PLLC
422 S. Gay St., Ste. 301
Knoxville, TN 37902
865/522-9942

# IN THE CIRCUIT COURT FOR CAMPBELL COUNTY, TENNESSEE

| | |
|---|---|
| **JOSEPH MEADORS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **No. 14278** |
| | )   ~~JURY DEMANDED~~ |
| **CAMPBELL COUNTY SHERIFF'S DEPARTMENT** | ) |
| **CAMPBELL COUNTY, TENNESSEE** | ) |
| **CAMPBELL COUNTY SHERIFF'S DEPUTY** | ) |
|     **MIKE STARRETT** | ) |
|     **In his official and individual capacities** | ) |
| **DORMAN SCOTT KEITH** | ) |
|     **In his official and individual capacities** | ) |
| | ) |
|     **Defendants.** | ) |

## PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT

Comes the Plaintiff, through Counsel, and respectfully moves this court, pursuant to

Tennessee Rule of Civil Procedure 15.10, to amend the First Amended Complaint which was

filed on or about September 25, 2008.

Respectfully submitted, this 28th day of September, 2009.

Robert R. Kurtz
BPR No. 020832
Stanley & Kurtz, PLLC
422 S. Gay Street, Suite 301
Knoxville, TN 37902
865/522-9942

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of this pleading has been served upon Arthur F. Knight, III, 800 S. Gay St. Ste. 600, Knoxville, TN 37929, by hand delivery, or by placing a true and exact copy of the foregoing in the United States Mail, with sufficient postage thereon, to carry the same to its destination.

This 28th day of September, 2009.

Robert R. Kurtz

## IN THE CIRCUIT COURT FOR CAMPBELL COUNTY, TENNESSEE

| | |
|---|---|
| **JOSEPH MEADORS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **No. 14278** |
| | ) ~~**JURY DEMANDED**~~ |
| **CAMPBELL COUNTY SHERIFF'S DEPARTMENT** | ) |
| **CAMPBELL COUNTY, TENNESSEE** | ) |
| **CAMPBELL COUNTY SHERIFF RON MCCLELLAN** | ) |
| **In his official capacity** | ) |
| **CAMPBELL COUNTY SHERIFF'S DEPUTY** | ) |
| **MIKE STARRETT** | ) |
| **In his official and individual capacities** | ) |
| **DORMAN SCOTT KEITH** | ) |
| **In his official and individual capacities** | ) |
| | ) |
| **Defendants.** | ) |

## SECOND AMENDED COMPLAINT

Comes now the Plaintiff, Joseph Meadors, by and through undersigned counsel, and states his cause of action as follows:

## PARTIES

1. Plaintiff Joseph Meadors is a resident and citizen of Campbell County, Tennessee.

2. Defendant Mike Starrett is sued in his individual and official capacities as an officer with the Campbell County Sheriff's Department.

3. Defendant Campbell County Sheriff Ron McClellan is sued solely in his official capacity.

4. Defendant Dorman Scott Keith is sued in his individual and official capacities as an agent and/or employee of the Campbell County Sheriff's Department.

5. Defendant Campbell County Sheriff's Department is an agent of Campbell County, Tennessee.

6. Defendant Campbell County, Tennessee, is a governmental entity organized and existing pursuant to the laws of the State of Tennessee.

## FACTS

1. At all times herein material, Defendant Starrett was acting under color of state law and pursuant to the policies, customs, training and regulations of the Campbell County Sheriff's Department.

2. On or about April 18, 2007, Plaintiff Joseph Meadors was arrested and charged by Defendant Starrett in Case Number 13191 with the sale of counterfeit controlled substance, delivery of counterfeit controlled substance, attempt to sell schedule II controlled substance and attempt to deliver schedule II controlled substance.

3. Upon information and belief, Defendant Starrett received information from a "confidential informant," Defendant Keith, accusing Plaintiff of illegally selling a substance believed to be "roxycodone."

4. The alleged incident took place at approximately 7:45 p.m. on January 26, 2006, in Campbell County, Tennessee.

5. Upon information and belief, Defendant Keith identified the Plaintiff as the person who sold him roxycodone.

6. Defendant Keith was paid by the Campbell County Sheriff's Department for his work as a confidential informant.

7. Defendant Starrett did not conduct any further investigation and did not corroborate Defendant Keith's information.

8. As a result of this arrest, Plaintiff had to post a bond.

9. As a result of this arrest, Plaintiff had to hire an attorney to represent him.

10. On or about October 22, 2007, the State of Tennessee moved to dismiss Case Number 13191. The Order dismissing Case Number 13191 was filed on or about January 4, 2008.

11. On or about October 28, 2008, Plaintiff was arrested for the second time for the alleged sale of a counterfeit controlled substance, delivery of a counterfeit controlled substance, attempt to sell schedule II controlled substance, and attempt to deliver schedule II controlled substance in Case Number 13559, based on the same conduct that had previously been dismissed in Case Number 13191.

12. Upon information and belief, Defendant Starrett testified for a second time before the Grand Jury for Campbell County, Tennessee, for the purpose of obtaining a second Indictment against Plaintiff.

13. The charges brought against Plaintiff in Case Number 13559 were based on the same allegations, same conduct, same date, and same time as had previously been dismissed in Case Number 13191.

14. Defendant Starrett had not received any new information pertaining to the criminal charges that had been dismissed nor had he conducted any new investigation pertaining to those criminal charges.

15. Defendant Starrett knew or should have known that Defendant Keith was an unreliable source of information and could not be trusted as Defendant Keith has multiple misdemeanor and felony convictions.

16. As a result of this second arrest, Plaintiff had to post a bond.

17. As a result of this second arrest, Plaintiff had to hire an attorney to represent him.

18. As a result of the charges brought against Plaintiff in Case Number 13559, a jury trial was held in Campbell County, Tennessee, on or about June 24, 2009. The Plaintiff was found not guilty on all charges.

19. Defendant Starrett conducted his investigation and case without adequate supervision or training resulting in the violation of Plaintiff's constitutional rights.

## CAUSES OF ACTION

### FEDERAL CLAIMS

20. Plaintiff incorporates by reference the foregoing paragraphs as though fully stated herein.

21. The actions of the Defendants deprived the Plaintiff of his right to be secure in his personal property, to be free from arrest except upon probable cause, supported by oath or affirmation, and not to be deprived of liberty without due process of law as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. §1983.

22. Defendants Starrett and Keith conspired to deprive Plaintiff of his clearly established constitutional rights, and acted in joint concert to achieve that violation, in violation of 42 U.S.C. § 1985.

23. Defendants Campbell County, Tennessee and Campbell County Sheriff Ron McClellan had in place a policy, procedure, and/or custom of failing to train its employees, failing to supervise its employees, failing to properly supervise confidential informants, failing to corroborate information allegedly provided by confidential informants, and of encouraging informants utilized by the Campbell

County Sheriff's Department to manufacture evidence in order to receive monetary compensation, or other favorable treatment.

24. As a proximate result of these constitutional violations, Plaintiff has endured pain and suffering, both physical and emotional, has incurred attorney fees, out-of-pocket expenses and lost wages.

25. Defendants Starrett and Keith acted in bad faith and with the motive to intentionally violate Plaintiff's clearly established constitutional rights, or acted with disregard of those rights.

## STATE CLAIMS

### COUNT 1
### FALSE ARREST

26. Plaintiff incorporates by reference the foregoing paragraphs as though fully stated herein.

27. Defendant Starrett did not have probable cause to believe that Plaintiff had committed the criminal offenses of sale of counterfeit controlled substance, delivery of counterfeit controlled substance, attempt to sell schedule II controlled substance and attempt to deliver schedule II controlled substance when he was placed under arrest on or about April 18, 2007.

28. Defendant Starrett did not have probable cause to believe that Plaintiff had committed the criminal offenses of sale of counterfeit controlled substance, delivery of counterfeit controlled substance, attempt to sell schedule II controlled substance and attempt to deliver schedule II controlled substance when he was placed under arrest on or about October 28, 2008.

29. Defendant Campbell County Sheriff's Department is liable for the actions of Defendant Starrett pursuant to T.C.A. § 8-8-302.

30. Defendant Campbell County, Tennessee is liable for the actions of Defendant Starrett pursuant to the doctrine of *respondeat superior*.

## COUNT 2
## FALSE IMPRISONMENT

31. Plaintiff incorporates by reference the foregoing paragraphs as though fully stated herein.

32. Defendant Starrett committed the tort of false imprisonment because he did not have probable cause to believe that Plaintiff had committed the criminal offenses of sale of counterfeit controlled substance, delivery of counterfeit controlled substance, attempt to sell schedule II controlled substance and attempt to deliver schedule II controlled substance when he was placed under arrest on or about April 18, 2007.

33. Defendant Starrett committed the tort of false imprisonment because he did not have probable cause to believe that Plaintiff had committed the criminal offenses of sale of counterfeit controlled substance, delivery of counterfeit controlled substance, attempt to sell schedule II controlled substance and attempt to deliver schedule II controlled substance when he was placed under arrest on or about October 28, 2008.

34. Defendant Campbell County Sheriff's Department is liable for the actions of Defendant Starrett pursuant to T.C.A. § 8-8-302.

35. Defendant Campbell County, Tennessee is liable for the actions of Defendant Starrett pursuant to the doctrine of *respondeat superior*.

## COUNT 3
## OUTRAGEOUS CONDUCT
## INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiff incorporates by reference the foregoing paragraphs as though fully stated herein.

37. The actions of Defendant Starrett on April 18, 2007, directed at the Plaintiff were outrageous and utterly intolerable in a civilized society, and were done with either the specific intent to cause emotional distress to Plaintiff or were done with a reckless disregard of the probability of causing emotional distress.

38. The actions of Defendant Starrett on October 28, 2008, directed at the Plaintiff were outrageous and utterly intolerable in a civilized society, and were done with either the specific intent to cause emotional distress to Plaintiff or were done with a reckless disregard of the probability of causing emotional distress.

39. As the actual and proximate result of Defendant Starrett's extreme and outrageous conduct, Plaintiff has suffered emotional distress, fear, anxiety, humiliation and embarrassment.

40. Defendant Campbell County Sheriff's Department is liable for the actions of Defendant Starrett pursuant to T.C.A. § 8-8-302.

41. Defendant Campbell County, Tennessee is liable for the actions of Defendant Starrett pursuant to the doctrine of *respondeat superior*.

## COUNT 4
## MALICIOUS PROSECUTION

42. Plaintiff incorporates by reference the foregoing paragraphs as though fully stated herein.

43. Plaintiff avers that Defendant Starrett, in his capacities as a law enforcement officer for Defendant Campbell County Sheriff's Department, employed by Defendant Campbell County, Tennessee, prosecuted Plaintiff before the Campbell County Criminal Court with malice and without probable cause in Case Numbers 13191 and 13559.

44. Defendant Campbell County Sheriff's Department is liable for the actions of Defendant Starrett pursuant to T.C.A. § 8-8-302.

45. Defendant Campbell County, Tennessee, is liable for the actions of Defendant Starrett pursuant to the doctrine of *respondeat superior*.

## COUNT 5
## LIABILITY OF DEFENDANT DORMAN SCOTT KEITH

46. Plaintiff incorporates by reference the foregoing paragraphs as though fully stated herein.

47. Upon information and belief, Defendant Dorman Scott Keith was employed by Defendants Campbell County Sheriff's Department and Campbell County, Tennessee, and was compensated for his work by these Defendants.

48. Defendant Dorman Scott Keith's negligent identification caused the false arrest, false imprisonment and malicious prosecution of Plaintiff. As a result, he is liable for the resulting harm done to Plaintiff.

49. The actions of Defendant Keith directed at the Plaintiff were outrageous and utterly intolerable in a civilized society, and were done with either the specific intent to cause emotional distress to Plaintiff or were done with a reckless disregard of the probability of causing emotional distress.

50. Defendant Campbell County Sheriff's Department is liable for the actions of Defendant Keith pursuant to T.C.A. § 8-8-302.

51. Defendants Campbell County Sheriff's Department and Campbell County, Tennessee, are liable for the actions of Defendant Keith pursuant to the doctrine of *respondeat superior*.

## **RELIEF**

WHEREFORE, premises considered, Plaintiff requests the following relief:

1. That this Court impanel a jury to try this matter.

2. That Plaintiff be awarded the sum of $600,000.00 in compensatory damages against the Defendants and punitive damages.

3. That Defendants be enjoined from violating the Plaintiff's and other citizens constitutional rights.

4. That Plaintiff be awarded reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

5. That Plaintiff be awarded pretrial interest.

6. That the Plaintiff have such other equitable relief to which he may be entitled.

Respectfully submitted, this 28th day of September, 2009.

Robert R. Kurtz
BPR No. 020832
Stanley & Kurtz, PLLC
422 S. Gay St., Ste. 301
Knoxville, TN 37902
865/522-9942

RECEIVED
DATE 9·25·08
BY: S.V.

## IN THE CIRCUIT COURT FOR CAMPBELL COUNTY, TENNESSEE

JOSEPH MEADORS,

      Plaintiff,

v.                       Case Number: 14278

CAMPBELL COUNTY SHERIFF'S
DEPARTMENT; CAMPBELL COUNTY,
TENNESSEE; CAMPBELL COUNTY
SHERIFF'S DEPUTY MIKE STARRETT,
in his official and individual capacities;
and DORMAN SCOTT KEITH, in his
individual and official capacities,

      Defendants.

### AGREED ORDER

By agreement of the parties, as evidenced by the signatures of counsel below, it is

hereby

ORDERED, ADJUDGED AND DECREED that Defendants, Campbell County

Sheriff's Department, Campbell County, Tennessee and Deputy Mike Starrett, have up to

and including October 15, 2008, in which to answer or otherwise plead to the Complaint

filed against them.

ENTERED this 22 day of _____Sept_____, 2008.

                                     JUDGE

APPROVED FOR ENTRY:

_____     _____
Arthur F. Knight, III, BPR No. 016178     Robert R. Kurtz, BPR #020832
Becker, Fleishman & Knight, P.C.     Stanley & Kurtz, PLLC
Post Office Box 1710     422 South Gay Street, 3rd Floor
Knoxville, Tennessee 37901     Knoxville, Tennessee 37902
Phone: 865/522-5057     Phone: 865/522-9942
Attorney for Defendants     Attorney for Plaintiff

RECEIVED
10/5/09   9:20AM
Deb bp

## IN THE CIRCUIT COURT FOR CAMPBELL COUNTY, TENNESSEE

| | |
|---|---|
| **JOSEPH MEADORS** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    **No. 14278** |
| | )    **JURY DEMANDED** |
| **CAMPBELL COUNTY SHERIFF'S DEPARTMENT** | ) |
| **CAMPBELL COUNTY, TENNESSEE** | ) |
| **CAMPBELL COUNTY SHERIFF'S DEPUTY** | ) |
|     **MIKE STARRETT** | ) |
|     **In his official and individual capacities** | ) |
| **DORMAN SCOTT KEITH** | ) |
|     **In his official and individual capacities** | ) |
| | ) |
|     **Defendants.** | ) |

*Stamp:* DATE: 10/20/09  TIME: 10:00 A.M.  CIRCUIT COURT — CAMPBELL COUNTY CLERK
Deb BQ
DEP. CLERK (D.C.)

---

## AGREED ORDER AMENDING COMPLAINT

---

Upon motion of the Plaintiff and agreement of the parties, and for good cause shown, it is

hereby:

**ORDERED** that the Complaint in this action be amended as set forth by the Plaintiff.

ENTERED this ___ day of October, 2009

_____
JUDGE

1

Approved for Entry:

Robert R. Kurtz
BPR# 020832
Attorney for Plaintiff
422 South Gay Street, Suite 301
Knoxville, TN 37902

Arthur F. Knight, III
BPR# 016178
Attorney for Defendants
800 South Gay Street, Suite 600
Knoxville, TN 37929

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of this pleading has been served upon Arthur F. Knight, III, 800 S. Gay. St. Ste. 600, Knoxville, TN 37929, by hand delivery, or by placing a true and exact copy of the foregoing in the United States Mail, with sufficient postage thereon, to carry the same to its destination.

This 1st day of October, 2009.

Robert R. Kurtz

I, Bobby W. Vann, Circuit Court Clerk of Campbell County, Tennessee do certify that the foregoing is a true and perfect copy as appears of record in my office in Jacksboro Book No._____ Page_____.
This the 2o day of_____ October_____, 20 09.
BOBBY W. VANN
Circuit Court Clerk_____ D.C.

2

## IN THE CIRCUIT COURT FOR CAMPBELL COUNTY, TENNESSEE

| | |
|---|---|
| **JOSEPH MEADORS** )<br><br>    **Plaintiff,** )<br><br>**v.** )<br><br>**CAMPBELL COUNTY SHERIFF'S DEPARTMENT** )<br>**CAMPBELL COUNTY, TENNESSEE** )<br>**CAMPBELL COUNTY SHERIFF RON MCCLELLAN** )<br>    **In his official capacity** )<br>**CAMPBELL COUNTY SHERIFF'S DEPUTY** )<br>    **MIKE STARRETT** )<br>    **In his official and individual capacities** )<br>**DORMAN SCOTT KEITH** )<br>    **In his official and individual capacities** )<br><br>    **Defendants.** ) | **No. 14278**<br>**Jury Demanded** |

---

### ORDER OF VOLUNTARY DISMISSAL

---

Comes the plaintiff, through counsel, pursuant to Tennessee Rules of Civil

Procedure 41(a) and moves the court for a voluntary dismissal be entered as to defendant

Dorman Scott Keith.

It is ORDERED, ADJUDGED and DECREED that the original action is

dismissed upon plaintiff's filing a Rule 41(a) dismissal notice and the same is hereby

dismissed without prejudice with costs of the same adjudged against the plaintiff.

19 oct 09
CIRCUIT COURT JUDGE

PREPARED FOR ENTRY:

Robert Kurtz
BPR# 020832
Stanley & Kurtz
422 S. Gay Street, Suite 301
Knoxville, TN 37902
865-522-9942

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of this pleading has been served upon counsel for defendants, by placing a true and exact copy of said pleading in the United States Mail, addressed to said counsel at his office, with sufficient postage thereon to carry the same to its destination.

This 7th day of October, 2009.

Robert Kurtz

## IN THE CIRCUIT COURT FOR CAMPBELL COUNTY, TENNESSEE

JOSEPH MEADORS,

Plaintiff,

v.

Case Number: 14278

CAMPBELL COUNTY SHERIFF'S
DEPARTMENT; CAMPBELL COUNTY,
TENNESSEE; CAMPBELL COUNTY
SHERIFF'S DEPUTY MIKE STARRETT,
in his official and individual capacities;
and DORMAN SCOTT KEITH, in his
individual and official capacities,

Defendants.

## ANSWER TO FIRST AMENDED COMPLAINT

COME the Defendants, Campbell County, Tennessee and Deputy Mike Starrett, by

and through counsel, and answers the Complaint against them as follows:

## PARTIES

1.      The allegations contained in Paragraph 1 of Plaintiff's Complaint are admitted

upon information and belief.

2.      Answering the allegations contained in Paragraph 2 of Plaintiff's Compliant,

these Defendants admit only that Mike Starrett was formerly employed with the City of

Jacksboro Police Department in October, 2006. The remaining allegations contained in

Paragraph 2 of Plaintiff's Complaint are denied.

3.      The allegations contained in Paragraph 3 of Plaintiff's Complaint are denied.

These Defendants aver the Campbell County Sheriff's Department is not a suable entity

but merely a Department within Campbell County, Tennessee.

4.      Answering the allegations contained in Paragraph 4 of Plaintiff's Complaint,

it is admitted that Campbell County, Tennessee, is a county in the State of Tennessee. Service of process is not contested. The remaining allegations contained in Paragraph 4 of Plaintiff's Complaint are denied.

5.     The allegations contained in Paragraph 5 of Plaintiff's Complaint are not directed at these Defendants, and therefore, no answer is warranted and none is given. It is, however, denied that this Defendant is an employee or agent with the Campbell County Sheriff's Department, or Campbell County, Tennessee.

## FACTS

6.     Answering the allegations contained in Paragraph 6 of Plaintiff's Complaint, it is admitted that Defendant, Starrett, acted under the color of law and in accordance with the policies and procedures of the Campbell County Sheriff's Department. All allegations inconsistent with the foregoing are denied.

7.     Answering the allegations contained in Paragraph 7 of Plaintiff's Complaint, Defendant avers that Plaintiff was indicted on four (4) counts for the sale and delivery and the attempted sale and delivery of a Schedule II substance. The remaining allegations contained in Paragraph 7 of Plaintiff's Complaint are denied.

8.     Answering the allegations contained in Paragraph 8 of Plaintiff's Complaint, it is admitted that Defendant, Starrett, had received information from Defendant, Keith, concerning Plaintiff's sale and delivery of Roxycodone. All allegations inconsistent with the foregoing are denied and strict proof is required thereof.

9.     Answering the allegations contained in Paragraph 9, it is admitted that the basis for the indictment was for the sale and delivery of Roxycodone on January 26, 2006, in Campbell County, Tennessee. All allegations inconsistent with the foregoing are denied.

10. The allegations contained in Paragraph 10 of Plaintiff's Complaint are admitted.

11. The allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12. Answering the allegations contained in Paragraph 12 of Plaintiff's Complaint, these Defendants aver that Plaintiff was indicted for the sale and delivery and attempted sale and delivery of a Schedule II substance in violation of the law of the State of Tennessee. All allegations inconsistent with the foregoing are denied.

13. Answering the allegations contained in Paragraph 13 of Plaintiff's Complaint, Defendants admit upon information and belief that Plaintiff posted bond. The remaining allegations contained in Paragraph 13 of Plaintiff's Complaint are denied and strict proof is required thereof.

14. These Defendants are without sufficient knowledge or information to either admit or deny whether Plaintiff hired an attorney. It is admitted that an attorney represented Plaintiff. The remaining allegations contained in Paragraph 14 of Plaintiff's Complaint are denied.

15. Answering the allegations contained in Paragraph 15 of Plaintiff's Complaint, it is admitted that the indictment against Plaintiff was dismissed/nolle prosequi by the State of Tennessee on October 22, 2007. It is admitted that the dismissal was filed on January 4, 2008. All allegations inconsistent with the foregoing are denied and strict proof is required thereof.

3

## CAUSES OF ACTION

### COUNT I
### FALSE ARREST

16.     The responses of these Defendants to the remaining allegations contained in the foregoing Paragraphs are incorporated herein as if fully and completely set forth herein.

17.     The allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

18.     The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied.

19.     The allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

### COUNT II
### FALSE IMPRISONMENT

20.     The responses of these Defendants to the remaining allegations contained in the foregoing Paragraphs are incorporated herein as if fully and completely set forth herein.

21.     The allegations contained in Paragraph 21 of Plaintiff's Complaint are denied.

22.     The allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

23.     The allegations contained in Paragraph 23 of Plaintiff's Complaint are denied.

### COUNT III
### OUTRAGEOUS CONDUCT
### INFLICTION OF EMOTIONAL DISTRESS

24.     The responses of these Defendants to the remaining allegations contained in the foregoing Paragraphs are incorporated herein as if fully and completely set forth herein.

25.     The allegations contained in Paragraph 25 of Plaintiff's Complaint are denied.

4

26. The allegations contained in Paragraph 26 of Plaintiff's Complaint are denied.

27. The allegations contained in Paragraph 27 of Plaintiff's Complaint are denied.

28. The allegations contained in Paragraph 28 of Plaintiff's Complaint are denied.

## COUNT IV
## MALICIOUS PROSECUTION

29. The responses of these Defendants to the remaining allegations contained in the foregoing Paragraphs are incorporated herein as if fully and completely set forth herein.

30. The allegations contained in Paragraph 30 of Plaintiff's Complaint are denied.

31. The allegations contained in Paragraph 31 of Plaintiff's Complaint are denied.

32. The allegations contained in Paragraph 32 of Plaintiff's Complaint are denied.

## COUNT V
## LIABILITY OF DEFENDANT DORMAN SCOTT KEITH

33. The responses of these Defendants to the remaining allegations contained in the foregoing Paragraphs are incorporated herein as if fully and completely set forth herein.

34. The allegations contained in Paragraph 34 of Plaintiff's Complaint are denied.

35. The allegations contained in Paragraph 35 of Plaintiff's Complaint are denied.

36. The allegations contained in Paragraph 36 of Plaintiff's Complaint are denied.

## RELIEF

37. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

38. Anything not heretofore expressly admitted or denied is denied as if specifically set forth herein.

5

39.  Plaintiff's action is barred by sovereign immunity.

40.  Plaintiff's action is barred by applicable statute of limitations.

41.  These Defendants rely upon the privileges and immunities of the Tennessee

Governmental Tort Liability Act as a complete defense to Plaintiff's action.

42.  These Defendants deny Plaintiff is entitled to damages in any amount,

attorney fees, expenses, prejudgment interest, or a jury trial.

WHEREFORE, Defendants, Campbell County, Tennessee, and Mike Starrett,

respectfully request that Plaintiff's action be DISMISSED.

RESPECTFULLY SUBMITTED this 30th day of October, 2008.

Arthur F. Knight, III, BPR #016178
Becker, Fleishman & Knight, P.C.
Post Office Box 1710
Knoxville, Tennessee 37901
Phone: 865/522-5057
Fax: 865/522-6743
sjohnson@bfk-law.com
Attorney for Defendants
Campbell County Sheriff's Department
Campbell County, Tennessee
Deputy Mike Starrett

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Appearance was served upon
the following parties, via United States Postal Service, postage pre-paid:

Robert R. Kurtz
Stanley & Kurtz, PLLC
422 South Gay Street, Suite 301
Knoxville, Tennessee 37902

This 30th day of October, 2008.

Arthur F. Knight, III