IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION


| | | |
|---|---|---|
| JOSEPH MEADORS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-505 |
| | ) | |
| CAMPBELL COUNTY SHERIFF'S | ) | |
| DEPARTMENT, | ) | |
| CAMPBELL COUNTY, TENNESSEE, | ) | |
| CAMPBELL COUNTY SHERIFF | ) | |
| RON MCCLELLAN, | ) | |
| In his official capacity, | ) | |
| CAMPBELL COUNTY SHERIFF'S | ) | |
| DEPUTY MIKE STARRETT, | ) | |
| In his official and individual capacities, | ) | |
| DORMAN SCOTT KEITH, | ) | |
| In his official and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |


## MEMORANDUM OPINION


This civil action was originally filed in the Circuit Court for Campbell County,
Tennessee and was removed to this court in November 2009. After the filing of his second
amended complaint, but prior to removal, plaintiff voluntarily dismissed defendant Dorman
Scott Keith ("Keith").

The remaining defendants have filed a motion for summary judgment [doc. 17]
which has been fully briefed and is ripe for the court's consideration. For the reasons that
follow, the motion will be granted and this case will be dismissed.

# I.

*Background*

Plaintiff's second amended complaint alleges various state law causes of action arising from a 2007 arrest for the unlawful distribution of roxicodone.  In addition, plaintiff asserts a claim under 42 U.S.C. § 1983 for violation of his federal constitutional rights.  Plaintiff alleges that he was arrested without probable cause.

At all times relevant to this case, defendant Mike Starrett worked as a narcotics investigator for the Campbell County Sheriff's Department.  In the course of his investigations, Deputy Starrett would sometimes utilize confidential informants including defendant Keith.

Keith has prior felony and misdemeanor convictions for drugs and theft.  He was initially introduced to Deputy Starrett by other law enforcement officers who considered him to be a reliable informant.  The Eighth Judicial Drug Task Force and the Tennessee Bureau of Investigation had previously used Keith.  In approximately the spring of 2005, Deputy Starrett began utilizing Keith as well.  By affidavit, Deputy Starrett states, "To my knowledge, Mr. Keith has never provided me with false information or information that deemed [sic] not credible.  Otherwise, I would not have gone forward in my investigation predicated upon any information Mr. Keith provided."

On the evening of January 26, 2006, Keith participated in a controlled drug buy.  The target of that investigation was plaintiff's nephew, Bryan Gibson.  Keith had

recently bought drugs from Gibson at either 316 or 400 Hill Street in LaFollette, Tennessee.[1]

Keith returned to Hill Street on January 26 wearing a recording device, but Gibson was not home. Deputy Starrett was nearby viewing Keith through binoculars. However, he could not see which Hill Street residence Keith entered, or which cars or persons were there.

Immediately after leaving Hill Street, Keith turned over to Deputy Starrett three roxicodone pills that he said he had just purchased from "Jerry or Joe Meadors." Later that night or the following day, Deputy Starrett ran a drivers license check for 316 and 400 Hill Street under the last name "Meadors." That search revealed plaintiff's name, with a license registered to 400 Hill Street. Deputy Starrett showed the drivers license photo to Keith, who identified plaintiff as the person who sold him the pills.

Plaintiff was not indicted by the Campbell County grand jury until April 2007 because Deputy Starrett did not want to "burn" his informant's cover. The case against plaintiff was dismissed *nolle prosequi* in October 2007 because Keith did not appear to testify.

The Campbell County grand jury reindicted plaintiff for the alleged January 2006 drug sale. That case went to trial in June 2009 and a jury found plaintiff not guilty.

---

[1] 316 and 400 Hill Street are adjacent residences. An October 2005 methamphetamine arrest record shows that Gibson listed 400 Hill Street as his home address. Plaintiff's mother, Mavie Meadors, had also recently been implicated in drug sales. Her drivers license lists 400 Hill Street as her home address as well. Both she and Gibson were separately indicted for unlawful distribution of diazepam and dihydrocodeinone.

## II.

*Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant may discharge its burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which it bears the ultimate burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *See Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In order to defeat a motion for summary judgment, the non-moving party must present significantly probative evidence in support of its complaint. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-movant's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *See id.* at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *See id.* at 251-52.

"Where the defendant demonstrates that after a reasonable period of discovery the plaintiff is unable to produce sufficient evidence beyond the bare allegations of the

complaint to support an essential element of his or her case, summary judgment should be granted." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992). "It is well settled that the non-moving party must cite specific portions of the record in opposition to a motion for summary judgment, and that the court is not required to search the record for some piece of evidence which might stave off summary judgment." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1191 (6th Cir. 1997).

III.

*Analysis*

To prevail in a § 1983 suit against a municipal or official capacity defendant, a plaintiff must show that he suffered a violation of his constitutional rights caused by a municipal policy or custom. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citations omitted). Similarly, to prevail against an officer defendant in his individual capacity a plaintiff must, *inter alia*, show that a constitutional violation occurred. *See Pearson v. Callahan*, 129 S. Ct. 808, 815-16 (2009).

In the present case, plaintiff alleges he was arrested without probable cause. *See Crockett v. Cumberland College*, 316 F.3d 571, 580 (6th Cir. 2003) ("any arrest without probable cause violates the Fourth Amendment"). Conversely, the remaining defendants argue that they are entitled to summary judgment because there was in fact probable cause supporting the arrest.

"'[P]robable cause' to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed . . . an offense." *Mich. v. DeFillippo*, 443 U.S. 31, 37 (1979). Probable cause exists if, at the time of the arrest, "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed . . . an offense." *Klein v. Long*, 275 F.3d 544, 550 (6th Cir. 2001) (citation omitted). The facts should be viewed "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (citation omitted).

In deciding whether there was probable cause to arrest based on information received from a confidential informant, courts must employ a totality of the circumstances approach. *See Ill. v. Gates*, 462 U.S. 213, 230-31 (1983). Relevant considerations include the informant's reliability, the basis of his knowledge, and any police corroboration of the information provided. *See id.* at 238, 241-42.

In responding to the instant motion for summary judgment, plaintiff cites, in his words, "a multitude of disputed factual issues raised on the issue of probable cause." [Doc. 22, p.7]. Those facts and alleged facts are:

1. Keith's history of drug and theft convictions makes him an unreliable informant;

2. Keith merely identified the roxicodone seller as "Joe or Jerry" without providing a last name;

3. Plaintiff was not previously under investigation;

4. Deputy Starrett did not check phone, power, or cable records to verify who lived at 316 and 400 Hill Street; and

5. Deputy Starrett did not see plaintiff or his vehicle at either Hill Street address on the night of the alleged drug sale.

Having considered the plaintiff's arguments, and having viewed the evidence in the light most favorable to him, the court concludes that he has failed to demonstrate a genuine issue for trial.

Mere citation to Keith's criminal history is immaterial to whether reasonably trustworthy information was provided to Deputy Starrett. A criminal background does not make Keith *per se* unreliable.

Considering that it is often people involved in criminal activities themselves that have the most knowledge about other criminal activities . . . , it is no surprise that most confidential informants are [or have been] engaged in some sort of criminal activity. It would unduly hamper law enforcement if information from such persons were considered to be incredible simply because of their criminal status.

*United States v. Fowler*, 535 F.3d 408, 416 (6th Cir. 2008) (citation and quotation omitted). As to the contention that plaintiff was not under investigation prior to January 26, 2006, plaintiff makes no effort to explain how this point raises a genuine issue of material fact regarding whether he committed a crime *on* January 26, 2006.

Next, the allegation that Keith merely identified his seller as "Joe or Jerry" without providing a last name is not supported by the record. In his affidavit, Deputy Starrett states that Keith told him that he bought the roxicodones "from a Jerry or Joe *Meadors*."

(emphasis added). Similarly, the deputy responded in the affirmative when asked at his deposition, "Is it fair to say that Dorman Scott Keith gave you the name of Joseph or Joe or Jerry *Meadors*?" (emphasis added).

Deputy Starrett then corroborated that information by running a drivers license check for males with the last name Meadors at 316 or 400 Hill Street. The results of that check showed plaintiff ("Joseph Lee Meadors") registered at 400 Hill Street. Deputy Starrett then sought further corroboration by showing plaintiff's drivers license photo to Keith for identification. *See Ayers v. Davidson*, 101 F. App'x 595, 598 (6th Cir. 2004) (probable cause to arrest where reliable confidential informant identified the defendant from his driver's license photo).

On the evidence cited to the court, it is uncontroverted that authorities deemed Keith a reliable informant based on their past relationship with him. *See United States v. Allen*, 211 F.3d 970, 976 (6th Cir. 2000) (Where a known and named person, "to whose reliability an officer attests with some detail, states that he has seen a particular crime and particular evidence," probable cause exists to issue a search warrant.). "[I]nformation supplied by an informant of proven reliability may be sufficient, standing alone, to demonstrate probable cause. . . . [I]f the prior track record of an informant adequately substantiates his credibility, other indicia of reliability are not necessarily required." *United States v. Smith*, 182 F.3d 473, 483 (6th Cir. 1999). Nonetheless, Deputy Starrett further corroborated Keith's tip as cited above. He did not need to further research in whose name

the utility accounts were registered. Once an officer establishes probable cause to arrest, he is under no duty to further investigate. *See Ahlers v. Schebil*, 188 F.3d 365, 371 (6th Cir. 1999).

The fact that Deputy Starrett could not see plaintiff or his vehicle also does not raise a genuine issue on the facts cited above. Lastly, the court notes that the ultimate "not guilty" verdict in plaintiff's criminal case does not invalidate a valid arrest based on probable cause. *See Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1988).

Plaintiff was twice indicted by the grand jury, and those indictments are *prima facie* evidence of probable cause to arrest. *See Harris v. United States*, 422 F.3d 322, 327 (6th Cir. 2005). The facts and arguments presented by plaintiff fail to rebut that presumption. Again, probable cause exists if "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed . . . an offense." *Klein*, 275 F.3d at 550. On the totality of the circumstances of this case, there is no material dispute that there was probable cause to arrest based on corroborated information from a reliable informant who was present at the scene.

With probable cause to arrest, there was no constitutional violation. With no constitutional violation, summary judgment must be granted in favor of the remaining governmental and official capacity defendants on plaintiff's federal claim.

As to defendant Starrett in his individual capacity, the court need not engage in a detailed analysis of his argument that he is entitled to qualified immunity. A primary inquiry in assessing whether a defendant is entitled to qualified immunity is, of course, whether that defendant in fact violated the plaintiff's constitutional rights. *See Crockett*, 316 F.3d at 579. Absent a constitutional violation, the court's inquiry ends. *See Criss*, 867 F.2d at 261. Summary judgment will therefore be granted in favor of defendant Starrett in his individual capacity on plaintiff's § 1983 claim.

## IV.

### *Conclusion*

Because plaintiff has not demonstrated a genuine issue of material fact, the pending summary judgment motion will be granted on the § 1983 claim as to all remaining defendants. Because the only claim over which the court has original jurisdiction will be dismissed, the court declines to exercise supplemental jurisdiction over the remaining state law issues, *see* 28 U.S.C. § 1367(c)(3), and those counts will be dismissed without prejudice.

An order consistent with this opinion will be entered.

ENTER:

        s/ Leon Jordan

        United States District Judge